

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

```
JB:CMP                                    271 Cadman Plaza East
F.#2003R00964                             Brooklyn, New York  11201
```

July 24, 2008

**By ECF**

The Honorable Carol B. Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  United States v. Karl McGregor,
            <u>Criminal Docket No. 03-653 (CBA)</u>

Dear Judge Amon:

      The government submits this letter in response to the defendant's letter dated July 16, 2008, supplementing his prior motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines (the "Guidelines") lowering the base offense levels applicable to cocaine base ("crack") offenses.  In a letter dated May 2, 2008, the government conceded that the defendant is eligible for a reduction and that the Court has the discretion to reduce the defendant's sentence from 90 months' imprisonment to somewhere in the new Guidelines range of 70 to 87 months' imprisonment.

      The defendant now appears to seek an entirely new sentencing on the grounds that revised Guidelines Section 1B1.10, which limits the relief available under 18 U.S.C. § 3582(c), somehow renders the new Guidelines "mandatory" in violation of <u>United States v. Booker</u>, 543 U.S. 220 (2005).  The defendant cites two recent Second Circuit decisions, <u>United States v. Regalado</u>, 518 F.3d 143 (2d Cir. 2008) and <u>United States v. Keith Jones</u>, 2008 WL 2500252 (2d Cir. June 24, 2008), in support of his argument.  These cases, however, are inapposite, and the defendant's demand for a reduction in sentence beyond that permitted by Amendment 706, which reduced the base offense level for most crack offenses by two levels, is without merit.

I.   Section 1B1.10 Does Not Render
     <u>The New Crack Guidelines "Mandatory"</u>

In revised Guidelines Section 1B1.10(a), which became effective on March 3, 2008, the Sentencing Commission emphasized that when a defendant is eligible for a reduced sentence based on the amended Guidelines range for certain crack offenses, the court "<u>may</u> reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."  (Emphasis added.)  In other words, although the defendant may <u>qualify</u> for a reduction in sentence under Section 3582(c)(2), he is not automatically <u>entitled</u> to such relief.[1]

Section 1B1.10 channels the Court's discretion, directing that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)."  U.S.S.G. § 1B1.10(b)(2)(A).  The defendant's argument that Section 1B1.10 somehow transforms the Court's purely discretionary decision on whether or not to apply the new crack Guidelines into a "mandatory" sentence, Def. Ltr. at 6, is therefore untenable.

II.  <u>Regalado</u> and <u>Jones</u> Are Inapposite

The defendant also argues that <u>Regalado</u> and <u>Jones</u> dictate that the Court consider the crack-to-powder disparity -- the very disparity addressed by Amendment 706 -- in resentencing him.  Due to their very different procedural postures, however, these cases are inapposite and do not support the defendant's demand for an entirely new resentencing.

In <u>Regalado</u>, the Second Circuit remanded a case to the district court on the narrow issue of whether the court would have sentenced the defendant differently had it been aware that the Guidelines for cocaine and crack offenses were advisory

---

[1]  Section 3582(c)(2) also provides:  "the court <u>may</u> reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  (Emphasis added.)  Thus, "[t]he grant of authority to the district court to reduce a term of imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.  <u>United States v. Vautier</u>, 144 F.3d 756, 760 (11th Cir. 1998).

2

pursuant to Kimbrough v. United States, 128 S.Ct. 558 (2007), and Booker. Regalado, 518 F.3d at 148-149. This remand was possible only because Regalado's sentence was pending on direct appeal when Booker was decided in 2005. Id. As a result, Regalado fell within the limited exception to the rule that Booker is not retroactive; under this exception, the Booker decision to render the Guidelines advisory applies retroactively only to cases that were pending on direct appeal when Booker was decided. Guzman v. United States, 404 F.3d 139 (2d Cir. 2005). McGregor, in contrast, does not fall within this exception because his direct appeal was denied on August 11, 2004. Accordingly, the Court should reject his attempt to apply Booker retroactively through the mechanism of 18 U.S.C. § 3582(c)(2).

Jones is similarly unavailing. In Jones, the defendant was sentenced after Booker but before Kimbrough, and the Second Circuit simply expanded the Regalado remand procedures to encompass cases that fell within this narrow time frame (2005 to 2007). Jones, 2008 WL 2500252, at *15. Once again, this exception does not apply to McGregor, who was sentenced on January 23, 2004, before Booker and Kimbrough.

III. Conclusion

For the foregoing reasons, the government respectfully submits that the Court's discretion to reduce the defendant's sentence is limited to a reduction from his current sentence of 90 months' imprisonment to somewhere in the new Guidelines range of 70 to 87 months' imprisonment.

                Respectfully submitted,

                Benton J. Campbell
                United States Attorney

By:      /s/
                Cristina M. Posa
                Assistant United States Attorney
                (718) 254-6668

cc:  Elizabeth E. Macedonio, Esq. (via ECF)